ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| IRMALY AYALA CANALES<br><br>Recurrida<br><br>v.<br><br>ESTEFANI VAZQUEZ HEREDIA Y OTROS<br><br>Peticionaria | TA2025CE00968 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Municipal de Carolina<br><br>Caso Núm.: CA2025MU00446<br><br>Sobre: Art. 5, Ley 284 |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece Stephanie Vázquez Heredia ("señora Vázquez Heredia" o "Peticionaria") mediante *Certiorari* y nos solicita que revisemos una *Resolución* emitida el 25 de diciembre de 2025, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Municipal de Carolina ("TPI"). En virtud del aludido dictamen, el TPI denegó la solicitud de orden para la devolución de armas instada por la peticionaria, tras determinar que debía ser presentada ante el Negociado de la Policía de Puerto Rico.

Por los fundamentos que proceden, se expide el auto solicitado y se *revoca* la determinación recurrida.

**I.**

El 26 de septiembre de 2025, Irmaly Ayala Canales ("señora Ayala Canales" o "Recurrida") presentó una *Petición de Orden de Protección* en contra de su vecina, la señora Vázquez Heredia, al amparo de la Ley Núm. 284-1999, según enmendada, conocida como la *Ley Contra el Acecho en Puerto Rico*, 33 LPRA sec. 4013 *et seq.* Ese mismo día, el TPI emitió una *Orden de Protección Ex Parte,* según peticionada. En atención a ello, le ordenó a la señora Ayala Canales

entregarle a la policía cualquier arma de fuego y licencia de armas que le perteneciera o estuviera bajo su control.

Tras varias instancias, el 4 de noviembre de 2025, el foro de instancia dictaminó una *Resolución Denegando Orden de Protección*, por entender que no se probaron los elementos constitutivos de acecho. En cambio, ese mismo día, emitió un *Estado Provisional de Derecho*, con una vigencia de tres (3) meses y obligatoria mientras la controversia entre las partes no se ventile en un procedimiento ordinario.

Consecuentemente, el 7 de noviembre de 2025, la señora Vázquez Heredia instó una *Moción en Solicitud de Orden para la Devolución de Bienes Ocupados.* Expuso que, conforme a la *Orden de Protección Ex Parte*, los agentes del Negociado de la Policía de Puerto Rico ocuparon su licencia de armas, sus armas y sus municiones. Razonó que, en virtud de la *Resolución Denegando Orden de Protección*, cesó el fundamento legal para la retención de los bienes ocupados. Así las cosas, solicitó que se emitiera una orden dirigida al Negociado de la Policía para la devolución de su propiedad.

El 10 de noviembre de 2025, el TPI denegó la solicitud instada por la peticionaria. Inconforme, el 20 de noviembre de 2025, la señora Vázquez Canales radicó una *Moción en Solicitud de Reconsideración y Orden*. El 25 de noviembre de 2025, notificada el día siguiente, el TPI dictaminó una *Orden* en virtud de la cual denegó la reconsideración solicitada y le instruyó a la peticionaria que la solicitud debía ser presentada ante el Negociado de la Policía.

Insatisfecha aún, el 29 de diciembre de 2025, la señora Vázquez Canales acudió ante nos mediante *Certiorari*. La peticionaria realizó los siguientes señalamientos de error:

> **Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de armas, cuando la jurisdicción y competencia para tal solicitud corresponde al Tribunal.**

El 14 de enero de 2026, este Tribunal emitió una *Resolución* mediante la cual le concedimos a la parte recurrida un término de diez (10) días para presentar su alegato en oposición. Transcurrido el término, sin su comparecencia, damos por perfeccionado el recurso y procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla

40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La aprobación de la Ley Núm. 284-1999, *supra*, reafirmó la política pública de "luchar contra cualquier tipo de manifestación de violencia que atente contra los valores de paz, seguridad, dignidad y respeto que se quieren mantener para

nuestra sociedad". Art. 2 de la Ley Núm. 284-1999, 33 LPRA sec. 4013 nota.

Dicho estatuto define el acecho como:

> [...] una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. 33 LPRA sec. 4013

De conformidad con lo anterior, el Art. 5, 33 LPRA sec. 4015, le concede a las víctimas de acecho la facultad de solicitarle al Tribunal una orden de protección, sin que sea necesario la prestación previa de una denuncia o acusación. Así, el foro de instancia podrá emitir la orden de protección cuando determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho. *Íd.* Más aún, el Tribunal podrá adoptar medidas para evitar actos de violencia, como ordenarle a la parte peticionada la entrega de cualquier arma de fuego a la Policía de Puerto Rico, entre otras. *Íd.*

### III.

En el recurso que nos ocupa, la parte peticionaria alega que el foro de instancia erró al concluir que no tenía jurisdicción y competencia para ordenarle a la Policía de Puerto Rico la devolución de los bienes incautadas en virtud de una *Orden de Protección Ex Parte.* A su entender, al haberse emitido una orden para la ocupación de la licencia de armas, también se requiere una orden judicial para que la Policía proceda a devolver la misma.

Surge del expediente que, el 26 de septiembre de 2025, se expidió una orden de protección provisional en contra de la señora Vázquez Heredia, con una vigencia hasta el 4 de noviembre de 2025. Consecuentemente, se le ordenó a la Policía de Puerto Rico incautar su licencia de armas, junto con cualquier arma en su posesión. Celebrada una vista, el 4 de noviembre de 2025, el foro de instancia dictaminó una *Resolución Denegando Orden de Protección.* Habiendo culminado la vigencia de la orden de protección provisional, la peticionaria solicitó que se emitiera una orden, dirigida a la Policía de Puerto Rico, para la devolución de los bienes incautados. Sin embargo, la misma fue denegada, ya

que el foro de instancia entendió que la petición debía ser presentada directamente ante el Negociado de la Policía.

Ciertamente, como norma general, la Policía es quien viene llamada a "tomar las medidas preventivas necesarias para intentar evitar la ocurrencia de cualquier incidente desgraciado o lamentable". *Pueblo v. Morales Roldán*, 213 DPR 1112, 1131 (2024). No obstante, en un procedimiento civil, como aquel dispuesto en la Ley Núm. 284-1999, *supra*, para la expedición de órdenes de protección, dicha obligación recae sobre el Tribunal, a quien se le concedió la facultad de emitir cualquier orden necesaria para dar cumplimiento a los propósitos y la política pública del estatuto. Véase, Art. 5 (c)(4) de la Ley Núm. 284-1999, *supra*. En atención a ello, el foro de instancia, luego de expedir una orden de protección, tiene la obligación de ordenarle a la Policía de Puerto Rico la incautación de la licencia de portación y toda arma que se encuentre en posesión de la parte peticionada. Por tanto, resulta razonable concluir que, como entidad responsable de ordenar la incautación de los antedichos bienes, la Asamblea Legislativa también le concedió la competencia y jurisdicción para ordenar su devolución.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se expide el auto solicitado y se *revoca* la determinación recurrida. Se devuelve al Tribunal de Primera Instancia, Sala Municipal de Carolina, para la continuación de los procedimientos, de conformidad con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones